May it please the Court, I'm Damian Munsinger here for Appellant Charles Beckles. I'd like to reserve two minutes of my time for rebuttal. The Department of Homeland Security policy requires that individuals like Mr. Beckles should be removed only if doing so would vindicate an important federal interest. There's no important federal interest vindicated here. Well, we're not really there, right? The BIA exercised its discretion to not sui sponte reopen his case. His motion to reopen was too late. And so we're just looking at, in the first place, whether we even have jurisdiction over this appeal, petition for rehearing. Absolutely. And this Court does, in fact, have jurisdiction for appeal over Mr. Beckles' denial of his motion to reopen the BIA proceedings for several reasons, the most important of which is the BIA actually did not exercise its discretion in the instance where it decided that the motion to reopen should be denied, in that Mr. Beckles' conviction had been vacated, nuck-prone-tunk, because it was constitutionally defective. That is not something that the BIA ever properly considered. And therefore, his application for reopening should have been along the lines of, or should have been viewed as a new request because he was presenting new information. Well, he frames it as a motion to reopen his petition, and it was late, and the BIA could have said nothing at all, right? Just said denied. And under our decision in Achimian, it's unreviewable. We don't have jurisdiction to review that. So why do we have jurisdiction in this case? We have jurisdiction in this case because the BIA made no acknowledgment of the constitutional issues, and there — But they could have said nothing at all. They could have just said denied. There's no obligation on a motion, a late motion to reopen, when they're exercising their sua sponte discretion not to accept it, to say anything at all, right? Well, Your Honor, in Torres Aguilar — It wasn't a timely motion to reopen. It was not a timely motion to reopen. No. But the motion is being brought under for constitutional reasons. And in Torres Aguilar, this Court said that a BIA decision that violates due process is not one that involves the exercise of discretion. But a sua sponte denial of a tardy motion to reopen is not — doesn't raise any constitutional issues. There's no case that suggests it does, that the BIA has any obligation to do anything. We don't have any case like that, right? But the Torres Aguilar — the case you cited is not in this context. It is not in this context. But the fact remains that this Court does have discretion to review constitutional claims, even when they address a discretionary BIA decision. And that comes from Cardenas Morphin v. Ashcroft. So — Well, I don't think there's any case where we've said other for sua sponte — well, that's not exactly right. But in a sua sponte denial, we've — we only have one case that suggests we would have jurisdiction over that. And that's a distinguishable factual situation, where the BIA thought it lacked jurisdiction over the claim. Here, he's making — your client is making a substantive claim, correct? He is making a substantive claim. Yeah. So we don't have any case on that that would say we have jurisdiction in that context. Well, I believe you're — We have a Kimian going the other way, right? I'm sorry? We have a Kimian going the other way. We have a Kimian going the other way, but we also have in the interim Kusana, which I understand that this Court did not find it to be exactly on point. But in Mejia-Hernandez, this Court reluctantly found that a Kimian was still — Yeah, it didn't overrule. That's what we held in Mejia. That didn't overrule a Kimian. A Kimian is still good law. It is still good law. However, I believe that Kusana represents — mandates a different approach in terms of looking at it from a bottom-up. Is the BIA able to insulate itself from judicial review simply on the basis of promulgating a standard of conduct that is so murky that this Court is not able to discern what it is? Kusana mandates a top-down approach where you're looking at, did Congress intend to restrict this Court's ability to review discretionary decisions of the BIA? To overrule a Kimian. So your argument would have to be that for some reason a Kimian is distinguishable. That would be our secondary argument. The primary argument is that the constitutional issues raised in this case are reviewable by this Court. So there's no important Federal interest vindicated here. The BIA abused its discretion in a number of ways. They incorrectly assumed Mr. Beckel's original conviction was vacated for rehabilitative reasons. They denied the motion to reopen where new evidence was so distinct as to present a new request for relief. I just — I thought they just said that the FFOA, it wouldn't qualify for FFOA relief. I thought that's all they said. Because of the length of probation, Mr. Beckel's situation didn't qualify for FFOA relief, so — regardless of expungement. The BIA did say that, but that's actually — there's a significant error of law there, because — Okay. Well, why don't you address that? I mean, that was the BIA's ruling, specific ruling. That was the BIA's ruling. And it was incorrect that a — that because Mr. Beckel served a three-year probationary term for a conviction that was later vacated, nunk-pro-tunk, so he served probation for a crime that actually he didn't commit, and the BIA incorrectly stated that the FFOA does not allow for relief if an alien has served a probationary sentence of more than one year. And there is actually ample case law in this circuit where FFOA relief has been afforded to aliens who have served probationary sentences of much longer. The statute referred to by the BIA actually says that the sentencing court, if you are being sentenced for violating a federal crime, the sentencing court may sentence you to a term of probation of up to one year while withholding an entry of conviction. And that is simply a misreading of the statute that if someone is on probation for one year or more, then they cannot be afforded relief under the FFOA. So let's say we agree that we have jurisdiction to correct a legal error. And say we agree with you that its probation ruling was a misunderstanding of the FFOA, and we send it back to the BIA. The BIA could just say, okay, then, we deny reopening this under our sua sponte authority. And if they just said that, we wouldn't have any discretion to review it, right, under Achimian? If they just said that, there would be some significant due process concerns. Why is that? Because Achimian says we don't even have jurisdiction to review that. There's no case saying that we can reach anything beyond that. There would still be constitutional claims extant, which this court would be able to review. Not if we can't review. I mean, if it was an interlocutory ruling, for example, regardless of how many constitutional claims there were in there, we don't have jurisdiction. We only have jurisdiction over final orders of removal. Which there is in this case. We've included motions to reopen for that, but only timely motions to reopen. So if the Achimian says we have no jurisdiction. If they deny the motion to reopen without making any explanation at all as to their rationale or reasoning, then that would be deficient as well. The BIA is required to provide some basis of rationale for its decision. Not for sua sponte. They have never said that they have to provide any reason. There's no BIA case that says that. Well, in this case, they have provided rationale, and it is so flawed as to show that this was not an exercise of discretion due to the manifold errors of law that the BIA made in its final order. But if we send it back and said you made an error in your understanding of the FFOA, and they said fine, denied, we couldn't review it, right? I believe that you could review it as a final order at that point. Okay, but you don't really have any case that would support that. We don't have cases to support that. Okay. So if you look at this case under the framework of analysis promulgated by Kusana, I would submit, Petitioner submits, that you need to take a top-down approach. Effectively, what's happening here is the BIA is attempting to insulate itself from judicial review by promulgating a murky standard. Kusana, even though it is not directly on point, does mandate that the approach is to look at a congressional intent to withhold discretion, not a standard of review that is so murky as to preclude a rational response to it. I guess I'm still confused about why you're arguing Kusana when our case law says that Achimian survives. I mean, are you asking us to overrule Magia? As a last resort, asking that perhaps this would be an opportunity to look at. Well, of course, we don't have authority to do that as a three-judge panel. Well, with that, I will reserve the rest of my time for rebuttal. Okay. Thank you. May it please the Court. Dan Shan on behalf of the United States Government. As Your Honors have noted, this is a sui sponsoree reopening case for cancellation, and it's not a direct appeal of the cancellation claim itself. Under the INA and this Court's jurisprudence, there are only two potential outcomes in this case. As Judge Acuda, as you pointed out, the Court can simply dismiss this petition for review for lack of jurisdiction because it's an exercise of the Board's sua sponte authority, or, as we pointed out in our motions and in our brief, the Court can remand the case to the Board to simply reconsider the Petitioner's motion to sua sponte reopen his proceedings. Why would we do that if on the one hand we don't have jurisdiction? So, Your Honors, the Court does have jurisdiction over the petition for review itself, the entire case, because there's a valid fee. We could just remand it to the Board and say, look at this again? That is what has happened in the Second Circuit in Mahmoud and in very limited circumstances. No Court has ever held that there is jurisdiction over sua sponte reopening. So we have this case, Zing, this excellent opinion in Zing, that says the BIA was mistaken in thinking it had no jurisdiction over this type of appeal, and so even though it was a denial of a sua sponte reopening, we said we can correct the legal error and send it back to the BIA. Is this case distinguishable from that one? It is distinguishable insofar as the BIA – it's our position that the BIA, instead of committing legal error, failed to consider some points that were raised by the Petitioner. So it's not exactly the same, but it is our position that the preferable course in this case is remand, because the BIA did fail to address certain arguments made by the Petitioner. Now, going back to your question, Judge Paz, the Court has jurisdiction over the entire case, but there's only one issue in this case, and the issue is sua sponte reopening. And so we would assert that there's no jurisdiction over the issue, and no Court has ever held that, but the Court does have the authority over the case. So if we file a motion for an extension of time, the Court still has authority to grant that motion for extension of time, because you have authority over the whole case. If we were to grant the petition, what would we say? I think you would say the case is remanded for the BIA to reconsider some of these points that were raised in the case. That the BIA did not address all of the issues raised by Petitioner, and therefore it's remanded so that it would be considered. Just to reconsider them, right. But it could also, if we were to conclude that their reliance on the not being able to, not prima facie eligible for the relief sought, because of the three-year probation, which if we were to conclude that that's inconsistent with Lujan, so it was a matter of legal error, we could remand on that to reconsider the FFOA as well, couldn't we? Right. Yes. Right. Because we do have jurisdiction to identify and deal with legal error that the BIA makes in the course of its ruling. Correct, Your Honor. And that's what's happened in other courts of appeals. Do you agree that that's analysis of the FFOA in saying that Beckels, Mr. Beckels didn't have a prima facie case for relief because of the probation for three years, that that was an erroneous interpretation of FFOA? We think the even bigger issue with the FFOA analysis is the BIA decided when it was looking at the substituted conviction, it didn't need to address whether or not, because Lujan Armendariz has been overruled, whether it's retroactive. Well, wait, wait. So the BIA's specific reason for not granting the motion to reopen was because his probation was for more than three years. And he said that doesn't qualify for FFOA treatment. Was that a legal error? I believe the BIA did err on that point. That was a legal error. OK. But if we said that was a legal error and send it back to the BIA and the BIA said, fine, we're not going to exercise our authority to reopen sua sponte, your motion to reopen is untimely. Would we be able to review that decision? No, Your Honor. You would not. Going to opposing counsel's point on this, the INA does carve out exceptions for motions to reopen statutorily. So change country conditions, change circumstances to justify an untimely motion to reopen. In this case, he concedes that there's no statutory exceptions. The board's sua sponte authority simply arises from the board saying, well, we can do this, period. So they could say, well, it's exceptional circumstances. They can say nothing. It's inherent within their own authority to open their case. That's never been held to be reviewable. The issue of prosecutorial discretion has been in the news a lot in immigration proceedings, and there's a note by the former INS chief counsel that said, when agencies promulgate guidelines for when they exercise their discretion, one of the dangers is that people can take the guidelines, if they're too specific, and say, well, now you've made a rule, you made a law. And so either way, we're kind of stuck in these situations, because if we provide more guidelines, they say, well, you've made a law, now it's a right that we have. And if we're not too clear, then it's, well, they're trying to insulate themselves from judicial review. But there's inherent discretion in every agency to enforce whatever statute's been entrusted to it. And in this case, there is no statutory provision that provides for sui sponsor reopening, other than the board saying, hey, in some cases, if we think it really warrants it, we'll do it. Okay, so in Kimian, I think we said there wasn't any manageable standard, and that's why we didn't have jurisdiction. It's grounded in APA. And so my understanding is no manageable standard has sprung up since then. Has the BIA made any ruling that says these are the factors we consider? I don't believe so, Your Honor. And just to note on the constitutional point, there's this very interesting case in the Tenth that I think sums up the constitutional claim very well. The reason why there's no judicial review over sui sponsor reopening isn't grounded in 1252a2d over legal errors or constitutional claims. It's grounded in the fact that there's no judicially manageable standards. And the Tenth Circuit in Salgado-Taribio, it's a 2013 decision, says that the reason why there's no sui sponsor reopening on constitutional claims review is because the petitioner has no liberty or property interest in obtaining purely discretionary relief. The relief that he's seeking in this case is purely discretionary. And so there's no constitutional claim to it. But we do think, just going back to remand, we think there's also other significant factual questions. So a number of things can happen on remand. And as Judge Cuda, as you pointed out, the BI can say denied in the pure exercise of discretion, period. And there would be no judicial review. The BI could also say, okay, well, let's look at his cancellation application again. And this, again, this is a factual question, but it needs to go back to the board to consider it. Is in his opening brief, he acknowledges that him and his spouse are now divorced. She's his only qualifying relative. He's not applying for cancellation as a lawful permanent resident. He doesn't have status. I thought his motion to reopen, he was only asking for adjustment of status based on his adult daughter. And I wasn't, I didn't see the cancellation of removal. Is he seeking relief on both of those, both forms of relief, or only one, or what's the difference? He's seeking both, but the board pointed out that he says he's seeking adjustment of status, but there's nothing in the record. He never submitted an approved I-130 or an adjustment of status application to the board. So the board said there is no adjustment claim properly before in his motion to reopen. The only thing before was the cancellation claim, Your Honor. So the government, so your position is that there is a, we have authority to remand this to the board. Yes, Your Honor. For legal error, and that there was legal error here, and we should probably do that. Right? Right. We think that is the preferable course. I think, you know, we tried to be as fair as we could in this case. We offered remand to opposing counsel in this case, even before the case went to briefing. And perhaps they didn't understand the full authority of the court in this case, but the court can't simply decide to grant cancellation to the petitioner in this case and forfeit all agency authority in this case, which is what I think opposing counsel, the previous opposing counsel informed me on the phone that that's what they were looking for. And, you know, to be fair, we just said we don't have authority to do that. We can't file a motion with the court telling the court to tell the board you have to grant cancellation. They just can't do that. Okay. Thank you. Thank you, Your Honor. Appreciate your argument, your clarification. There was a prior motion that the government had filed here, correct? Yes, Your Honor. And we renewed the same arguments for remand. We think remand is the fairest thing in this case because the board failed to do certain things. But in alternative, we do think that the court could simply dismiss. Maybe we should construe your remarks as for us to reconsider the earlier motion. Yes. As I recall, it was denied, wasn't it? It's still not pending for us. No, it was denied. And I'm not really sure what the – I think when the remand motion – my understanding in our office is when remand motions are opposed, they're typically denied as a matter of course in this court. I'm not sure if that really is. I don't know. I just remember – I remember you filed the motion. Yeah. And some way along the line it was denied. So essentially – but your remarks here today suggest that you're remaking that, those arguments. Right. And we do repeat them in our brief as well. Yes. So thank you, Your Honor. Your Honor, Mr. Beckles' position is that remand would be appropriate. However, it should accompanied – it should be accompanied with instructions as to what legal errors the BIA made and how they can be corrected, specifically finding that his conviction has been vacated, nuck, pro, tunk, does not render him ineligible for relief under the Federal First Defender Act, that he has not been convicted of an aggravated felony, and that he has not been convicted of a qualifying controlled substances crime, which would render him ineligible for that relief. If there's no other questions, I will see the rest of my time. Your pro bono counsel? We thank you. The Court appreciates the pro bono counsel. I think it helps the arguments. I know you do. Thank you. Thank you both.
judges: Fisher, Paez, Ikuta